

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Vincent D. Romano
Assistant U.S. Attorney
USAO #2024R00212

970 Broad Street, 7th floor

Newark, New Jersey 07102

973 645 2700

September 11, 2024

**VIA EMAIL**

Anthony Pope, Esq.
Anthony Pope Law, PC
Military Park Building
60 Park Place, Suite 1101
Newark, New Jersey 07102

25-535 (ZNQ)

RECEIVED
SEP 10 2025
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ

Re: Rule 11(c)(1)(C) Plea Agreement with Mauricio Gutierrez

Dear Counsel:

This letter sets forth the plea agreement between your client Mauricio Gutierrez ("GUTIERREZ"), and the United States Attorney for the District of New Jersey ("this Office") and supersedes all previous offers. **This offer will expire on October 2, 2024, if it is not accepted in writing by that date.** If GUTIERREZ does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from GUTIERREZ to a four-count Information, which charges GUTIERREZ with (1) two counts of knowingly and intentionally distributing, and possessing with the intent to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), on or about June 24, 2022, in or near Middlesex and Somerset Counties, in the District of New Jersey, and elsewhere, and (2) two counts of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), on or about September 27, 2023, in or near Middlesex and Somerset Counties, in the District of New Jersey, and elsewhere.

If GUTIERREZ enters a guilty plea and is sentenced to at least 180 months and no more than 300 months' imprisonment followed by 3 years' supervised release (the "Stipulated Range") on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against GUTIERREZ for his role in distributing, and possessing with the intent to distribute fentanyl on or about June 24, 2022, in or near Middlesex and Somerset Counties, in the District of New Jersey and elsewhere, which resulted in the deaths of four individuals ("Victim-1," "Victim-2," "Victim-3," and "Victim-4"); or for possessing with intent to distribute cocaine on or about September 27, 2023, in or near Middlesex and Somerset Counties, in the District of New Jersey and elsewhere.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against GUTIERREZ even if the applicable statute of limitations period for those charges expires after GUTIERREZ signs this agreement, and GUTIERREZ agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, GUTIERREZ may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), GUTIERREZ will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

Each violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which GUTIERREZ agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years. The prison sentence on Counts One through Four may run consecutively to each other and to any prison sentence GUTIERREZ is serving or is ordered to serve.

Additionally, all four violations carry a statutory maximum fine equal to the greatest of: (1) $1,000,000, (2) twice the gross profits or other proceeds to GUTIERREZ, or (3) twice the gross loss to someone other than GUTIERREZ. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and GUTIERREZ agree that a sentence within the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence GUTIERREZ to at least 180 and no more than 300 months' imprisonment followed by 3 years' supervised release.

Further, in addition to imposing any other penalty on GUTIERREZ, the sentencing judge as part of the sentence:

(1) will order GUTIERREZ to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order GUTIERREZ to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 21 U.S.C. § 853;

(4) may deny GUTIERREZ certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 21 U.S.C. § 841, must impose a term of supervised release of at least three years on each count. If GUTIERREZ violates any of the conditions of supervised release before the expiration of its term, GUTIERREZ may be sentenced to not more than 2 years' imprisonment on each count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision and may be sentenced to an additional term of supervised release.

Forfeiture

As part of GUTIERREZ's acceptance of responsibility and pursuant to 21 U.S.C. § 853, GUTIERREZ agrees to forfeit to the United States any and all property constituting or derived from any proceeds GUTIERREZ obtained, directly or indirectly, as the result of the offenses charged in the Information, and all of GUTIERREZ's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the offenses charged in the Information.

GUTIERREZ further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by GUTIERREZ (the "Money Judgment"). GUTIERREZ consents to the entry of an order requiring GUTIERREZ to pay the Money Judgment and agrees that such Order will be final as to GUTIERREZ prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating GUTIERREZ's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. GUTIERREZ further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

GUTIERREZ waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), GUTIERREZ consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to GUTIERREZ prior to the sentencing. GUTIERREZ understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise GUTIERREZ of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. GUTIERREZ further understands that GUTIERREZ has no right to demand that any forfeiture of GUTIERREZ's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon GUTIERREZ in addition to forfeiture.

GUTIERREZ further agrees that, not later than the date GUTIERREZ enters the guilty plea, GUTIERREZ will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If GUTIERREZ fails to do so, or if this Office determines that GUTIERREZ has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Restitution

Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663, GUTIERREZ agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victims for the losses sustained as a result of the offenses.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on GUTIERREZ by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GUTIERREZ's activities and relevant conduct with respect to this case.

Stipulations

This Office and GUTIERREZ will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, GUTIERREZ will not challenge by any means his convictions or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under

28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim GUTIERREZ pursues in an appropriate forum, when permitted by law, that GUTIERREZ received constitutionally ineffective assistance of counsel.

<u>Immigration Consequences</u>

GUTIERREZ understands that, if GUTIERREZ is not a citizen of the United States, GUTIERREZ's guilty plea to the charged offenses will likely result in GUTIERREZ being subject to immigration proceedings and removed from the United States by making GUTIERREZ deportable, excludable, or inadmissible, or ending GUTIERREZ's naturalization. GUTIERREZ understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GUTIERREZ wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause GUTIERREZ's removal from the United States. GUTIERREZ understands that GUTIERREZ is bound by this guilty plea regardless of any immigration consequences. Accordingly, GUTIERREZ waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. GUTIERREZ also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GUTIERREZ. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between GUTIERREZ and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*Vincent D. Romano*

By:   Vincent D. Romano
      Assistant United States Attorney

APPROVED:

Elaine K. Lou
Deputy Chief, Criminal Division

I have received this letter from my attorney, Anthony Pope, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 4/11/25
Mauricio Gutierrez

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 4/11/25
Anthony Pope, Esq.
Counsel for Defendant Mauricio Gutierrez

## Rule 11(c)(1)(C) Plea Agreement with Mauricio Gutierrez

### Schedule A

1. This Office and GUTIERREZ recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023, applies in this case.

3. Pursuant to Count One of the Information to which GUTIERREZ will enter a guilty plea, GUTIERREZ distributed fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide), which resulted in the deaths of three individuals ("Victim-1," "Victim-2," and "Victim-3").

4. Pursuant to Count Two of the Information to which GUTIERREZ will enter a guilty plea, GUTIERREZ distributed fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide), which resulted in the death of one individual ("Victim-4").

5. After GUTIERREZ became aware of the deaths of Victim-1, Victim-2, Victim-3, and Victim-4 as a result of GUTIERREZ's distribution of fentanyl to said victims, GUTIERREZ continued to distribute controlled substances.

6. Pursuant to Counts Three and Four of the Information to which GUTIERREZ will enter a guilty plea, GUTIERREZ possessed with intent to distribute approximately 35 individual bags containing cocaine with a total aggregate weight of approximately 23.17 grams.